we have six cases on the docket this morning four for oral argument appellants often want to reserve a few minutes we'll see how that goes it doesn't always work out depends on our questioning you only have two of us questioning so maybe there's a better chance of reserving time so we'll start with 22-50 60 u.s. versus morrow mr. Miller may it please the court Benjamin Miller on behalf of Earl Morrow here three errors occurred that both improperly strengthened the government's case while weakening the defense first when all the reasons offered by the government to admit a substantial amount of other crimes and bad act evidence were either misstatements of the testimony or pure propensity the court's decision to admit all of it was error second when brother's statements were filled with incriminating details the court's decision to keep it in them all from the jury undermined the defense and third despite the prosecutor knowing all charges against brother had been dropped his closing argument led the jury to believe otherwise an error that was individually or cumulatively require reversal I could start with the bad act evidence to admit bad act or other crimes evidence you first need a proper purpose here there was no proper purpose the entire reasons offered by the government to admit this evidence were really fell into two categories first they said we needed to rebut his defense with his testimony that he said he Mr. Morrow at no point in his testimony says he downloaded the images by mistake he explicitly denied that it was a virus at page 371 he's asked have you ever downloaded child pornography no have you ever distributed child pornography no he's asked how are you how did these images get on your computer he said I am unaware he says so you don't think it's a virus that's a question from the at page 407 you don't think it was a virus no I don't think it was a virus and so that basis it just never happened his testimony was he didn't do it he wasn't responsible for it and then the other reasons the government really wanted this was for propensity well counsel in their brief doesn't the government argue that the 404 be category of showing knowledge would be a proper basis well I think two things one yes knowledge is the basis but this only shows knowledge if you draw the propensity argument which is what they wanted this jury to do they say at page 35 of their motion what these images show mr. Morrow downloads cartoon child pornography then he's likely to do the same with child pornography of real children that's a propensity argument on this knowledge argument and they do make that argument in their brief I'm reading it correctly if mr. Morrow insisted that he didn't know how the child pornography was downloaded on his computer why doesn't the fact that there was anime evidence and he does discuss in his testimony the use of the horrible subs website why couldn't why doesn't that go to show that he did know how to download with one of the torrent apps and why wouldn't that be appropriate under 404 B because I think there's a significant leap from I think your honors question which is also similar to I think what the court says at page 386 versus what would what we would need to make this a proper purpose all mr. Morrow says is I download cartoons I use these torrents I use these sites anime is a massive category of movies torrent sites you can download all sorts of images there was no proof evidence that he actually did this it just was on his computer just the same way these other things were on their computer so there's no reason to believe he downloaded those animated images any more than there was to believe he downloaded well the actual images I think maybe this is more of a limited point that the government was trying to make which which is to show that at least he knew it would have known how to do it I mean he testified he has no idea how the child porn got there and the government as I understand it was was trying to show well at least he knows how to do it now that doesn't to your point maybe that doesn't get you to the to that he actually did do it but knowing how to do it is a step in the direction of actually doing it why wouldn't that be relevant and why wouldn't that be for a 4b so I think you're the idea that this shows he knows how to download material is such a well not just download material but with with with one of the torrent apps but I don't think that that is not such a unique specialty unique way to download images if you want to download music movies whatever people use torrents people use torrents for all different types of download I'm not saying it proves their case but the bar for relevance is relatively low under rule 401 and if they can put this type of inquiry under the knowledge heading 404 be why doesn't why isn't that enough because I don't know what it's proving knowledge that he knows how to use the type of app that that at least in the context of this case was used to download child pornography somewhere but then I think you still requires to make this relevant legally you still then need another leap to he knows how to download images this shows he knew how to download these exact images because he downloaded a different point that it doesn't ultimately prove their case but you know brick by brick we say sometimes when it comes to putting the evidence but let me let me just switch on on one other thing on this this particular point which is that there's there's this opening the door concept that comes into play here could you I guess where I was having a little trouble with that is if if in fact the door was opened and maybe you don't think it was but if it was opened is this discussion of the intricacies of 404 be even necessary I mean isn't opening the door typically a situation where one side elicits evidence that in fairness allows the other side to go into the same category of evidence irrespective of what the rules of evidence say other than maybe the relevance rules yes if the door was opened it would we would need to go through all the 404 of these steps but the door was not open you know Mr. Moore again he denies downloading child pornography he denies possessing it he denies distributing it he says he to go to the court and says he's now said there is a virus or he downloaded it by mistake that was their basis for opening the door that he said there was a virus or he did it by mistake he absolutely does not say either of those things and so it was a mischaracterization of the testimony and so the door wasn't open and so we then we do need to do the 404 B factors and if I come back to your your honor's point about this might not prove the case but it might be a brick in the chain and their wall to prove their case when one of those bricks requires you to make that propensity leap that is what this court said in command we don't permit and they use the hypothetical of a man who backs his car into his wife and he had a prior assault for a prior conviction of assaulting her and with this court there said the assault wouldn't come in to dispute his lack of mistake because it only shows you would likely believe he did these things because he did him before and even if this might have minimal relevance which I don't think it had any relevance beyond propensity but even if it does we still have the massive prejudice prong to deal with here and when the government here didn't just ask mr. Morrow isn't it true we found animated images of child pornography on your computer they didn't just stop there they then called a completely separate witness who testifies for pages who introduces hundreds of images they then three separate times in closing argument come back to these animated images and when they're talking about these animated images they're not talking about it for knowledge like your honor was talking about it they're talking about it they want the jury to believe that anyone who would have animated images would have the real images page 452 our case is further strengthened by the hundreds of animated images that are found on his devices 477 457 look at all those animated images 470 we showed you all those animated images he's got a type they were telling the jury to convict him of possession of real pornography because he has of course there was a lot of evidence of real pornography in the case correct so let's assume you're right on your argument where's the harmful error in the face of what was it 4,000 child pornography images and not only that but the checklist of child porn sites that came into evidence how did you get past that on harmless error I don't think harm I think these number of images if you're someone if you know to me when I first read this case I haven't done a case like this before I was like that seems like a shocking amount of images images but we actually know it really isn't in this in the world of child pornography cases 4,000 images is not a staggering amount of images we had the report from the Sensing Commission from 2021 that in non-production cases the mean number of images was 5,000 and so whether you had one image or 500 when you're saying when you have to prove knowledge of possession of something that's on your computer that you very well may never see if it's there and you didn't put it there the fact that there may have been other things there that he never see does nothing to show knowledge other than look at all this evidence he must have possessed it what about the checklist I'm not sure what I don't understand the check like didn't they recover a checklist connected to him of child porn sites I'm I may be misremembering I'm not remembering any specific checklist on that but I could have that wrong your honor so could I will have to check the room and I'm sure that from the car will correct if I get you the equipment stuck quickly about the other two issues on the idea of the brothers statements not being admitted the court wouldn't admit him because they didn't believe there was officially corroborate and what I think the court did here I'll point to the Lozado case is it substituted do I believe these were clearly true which is really for a jury to decide versus was there enough corroboration and here there was enough corroboration for five five reasons I like the point one get access what's our standard review here it's pretty much in the discretion of the court isn't it yes this is a discretionary call but I think the court got it wrong I think it was focused on did it believe it was true versus the jury question and so when to say sufficiently corroborated requires some sort of determination of the convincingness of the evidence and there were all sorts of earmarks of a brother trying to protect the defendant and I'm sorry I don't see what how the issue well I'm on the brother point I'd point to page 157 of the record of the brothers statements to the police where he says specifically I would not just say something to let somebody off the hook yes and to think someone would take the blame for a crime like possessing child pornography that comes with massive penalties that comes with terrible stigma he had access to all the devices he there was evidence connecting him to child pornography including the evidence in the search warrant his statements are filled with not just broad pronouncements to protect his brother's statements are filled with details of someone who would have that knowledge we were just talking about he says he's not trying to protect his brother and he was actually charged and so given all of that and given the importance of allowing someone to present a defense with the Supreme Court said in chamber about not mechanically applying rules of evidence to interfere with someone's right to a defense there was enough corroboration here to meet the standard and these efficies images should have been admitted and I just really quick want to add on the closing argument issue that this was really an error by the prosecutor was clearly an error but it helped yes offended because offended not the prosecution I don't think it does not when part of your defense is my brother may be responsible and a one fell swoop you're telling the jury don't worry about the brother we're gonna get him next when you know that's not true that did that wiped away the defense in one quick statement I think there's I think they're showing that they found the brother credible indicates they found the brother credible when he confessed and they're going to enter the brother to that that helps the defendant does it not know I think it hurts because when you're telling the jury is that the United States of America thinks both these brothers are responsible together not separately and we're going to get him next don't you worry and the prosecutor knew that wasn't true that information uniquely within the prosecutors mind that the jury has one reason to believe they're true and nothing to refute it that was why that was so harmful because it gutted the may please the court counsel I'm Jeff gallants for the appellee on behalf of the United States I did not try the case below I would like to start I want to get to this issue of mistake but I want to start with an apology our discussion in our brief of the standard of review with respect to the third issue the properly identified the standard of review as plain error which is correct it was not a model of clarity and arguably misleading on page 34 when discussing harmless error as the Tenth Circuit has made very clear in cases like Christie and Fleming when in cases like this one when the defendant did not object to the statement at trial the burden is on the defendant to show number one the statement is plainly improper and number two the burdens on the defendant to prove the statement affected his substantial rights so I apologize for any confusion that must that may have brought this issue about mistake the judge didn't make a mistake about mistake there wasn't collective amnesia about what the testimony is mr. Miller is exactly right what the defendant said during his direct but during his cross he said a variety of things that gave the court and everyone in the courtroom fair inference of that he may have been referring to a virus now just take the court through it at first on page 381 he's asked have you ever walked in on your computer just doing all kinds of stuff by itself and he said yes sir okay does it automatically by itself huh no sir it's usually done by some means other than myself hacking and then he says the one file they're talking about wasn't on his computer then he says on the next page it's my testimony the computer has been fed false information and then is the colloquy about 404 B analysis and then after that the defendant gives it so I think based on those very vague and confusing statements it's fair for the court and the defense the government to why does that constitute mistake maybe it's maybe it's a definitional debate but did did he ever say in his testimony that the child porn must have been on the computer due to his own inadvertence that seems like more of a mistake yes your honor and that's one way of thinking about mistake the court thought about mistake in a different way on page 387 of the record the court in its colloquy says I'm concerned by the fact the defendant has now taken the position these things were on his devices that he didn't play place there in other words that there is a mistake on his computer and then Ms. Gullickson the defense attorney agrees with that conception because she says I think under I think even under 404 it still has to pass 403 all right so while it may could be used to show a lack of a state it's overly presidential and then a couple pages later the court again and the court it's really a textbook with respect to both the 804 and the 404 B analysis the court is very thorough in its analysis of the rules and the the prevailing 10th Circuit case law and thoughtfully exercises its discretion but then later on the defense the courts trying to it said Ms. Gullickson the defense attorney they've identified a 404 B purpose and that is the absence of mistake or accident so I'm not even sure I want to be sure I understand your position does the defendant agree that the first two parts of the test from Burgess in the evidence offered for a purpose a proper purpose is the evidence relevant are those behind us and now we're on to 403 the third part of the test and then the defense attorney says your honor I don't think I can say that I agree it's relevant again implying that she's admitting that this understanding that everyone has that the defendant may be arguing some sort of mistake in this way the courts using it is is a proper purpose and then later on after the clock telepathy the defendant goes on to say he at one point says these files weren't even on his computer and then he says I'm unaware how they got on my computer but I don't know there that they were there prior to February 20 then on page 408 he says I believe it was done not maliciously but by an outside party and then he says someone either hacked in or had physical access to do it so he didn't just say there's lack of knowledge and then even if we are troubled by the last that last part of it that's exactly what he's saying doesn't know how they got there well if I can say I was going to finish up your honor the regardless of how we think about the mistake when the court instructs the jury on the limiting purpose they use lack of knowledge which is exactly what the defense here and at trial we're arguing so even if we say the discussion of mistake was somehow mistaken the jury was properly instructed twice both when the testimony came in and then in the instructions well am I am I reading your brief incorrectly it just it seems to me that your brief argues knowledge rather than absence yes your honor I was just responding to what counsel was bringing up that the I know I'm asking you another yes yes it was that it went to knowledge both in terms as your court described it in terms of his use of the software but also the anime is in the same place stored in the same place that the child pornography is under web video folders so that was an important part of the government's argument that look at this anime is in the same place as the as the child pornography and as we go to prejudice your honor it's the jury the medium number of child pornography images are in a certain case but they were exposed to very graphic child pornography a real actual children being sexually abused in very graphic terms they saw videos and they saw pictures so the idea that some cartoons although disturbing could somehow make it more prejudicial than the actual abuse of real children that the jury saw on a doesn't show any prejudice and just to answer one question your honor made the issue about the rebuttal issue on the floor for B how that came up was pre trial they argued the 404 B issue and this is beginning on page 197 to 207 when the court was making its ruling on to at 207 that the district court basically said the government could only bring up the 404 B evidence in rebuttal and the government didn't push back on that so the whole idea that court actually says in terms of the argument that it's admissible under rebuttal prong of 404 B I think you have to wait for the government for the defendant to present one of those exceptions as a defense so it came up in the pre trial hearing and the government and the court sort of agreed this would be a rebuttal issue and that that's where that came from with respect to the if I just want to make a mention about the 804 issue that Cory the brother statement is is only relevant if it's linked to the evidence against Earl the defendant and at the initial part of this and there's another example where the court exercised its discretion very thoughtful way there was a almost a 20 page discussion in the transcript about this issue beginning at about 327 and at first the defense didn't even want to introduce specific statements they were just going to ask for general questions and the statements they wanted to introduce are these very vague statements that just says I'll take it and put it put it on me that sort of thing the agent several times asked for so in that sense there's nothing to cooperate so the defense can't raise the issue of their sufficient cooperation because what he said was so vague it couldn't be corroborated the court then looked at all the other statements he did make that arguably were against his interest but those statements don't implicate anything that was actually at issue at trial he said he would see some and delete them right away he never says first of all there's no evidence he had access to the defendants password protected laptop or desktop where or the flash drive that the defendant kept on his keychain that had over 3,000 files of child pornography but Cory never says that I downloaded and stored child devices and that is what this case was all about so there wasn't anything to corroborate that he said that the evidence that was actually at issue in this trial unless there's other questions I'll feed the rest of my time can I just ask you one thing about the the not yet yes comment in in closing argument and this may come back to what you said at the very beginning so I apologize if we're plowing the same ground but I think your brief said that the not yet comment is harmless yes are you conceding that mr. Morrow showed the statement was plainly improper under the plain error standard no your honor but given we messed up the using a legal term messed up a bit the standard of review I don't know where that puts us I think from the context of the statement it's not plainly improper I I think it was an artfully said and we in our brief says it was a misstep so we're we're left with that because we didn't argue it was plainly improper because we didn't use the right standard of review we're where we are your honor but I think in the context of what he was saying he linked it in terms of as the judge will instruct you and referring to those instructions where you only look at the defend the defendant you don't look at if other people can be guilty or not it was an artful way admittedly to refer to the judge's instruction otherwise the most plain reading as Judge Hart pointed out is actually to the benefit of the defendant that the the brother very well may have some culpability and assuming the prosecutor did not do that which I think is a fair assumption it was improper I don't think the defendant carried their burden to show it's plainly improper the defense in their brief they don't argue the proper standard either it's the plain view the plain error generally they don't articulate it as indicated in the Christie or Fleming case either so in that sense they don't meet their burden because they didn't argue the burden properly in their opening brief or reply on seeing no other questions carefully pick the sentence you have time to I suppose a two very quick things in my eight seconds that the government has now made several arguments here they're not just aren't in their brief they're actually different from their briefs and I would ask this court not to give those any weight the one thing I do want to stress about the anime anime is a massive subject mr. Murrow said he downloads cartoon slice of life he denied specifically downloading animated child pornography that was such an important thing that I think the court took for granted that you say you download anime that's what you mean and on prejudice prejudice isn't just are you exposed to images it was the way it was used by the prosecutor three separate times in including including in rebuttal so given the harm we know comes from in prior bad act evidence this evidence can't be deemed harmless if you think it was admitted in error long eight seconds thank you your honor